FILED
MAR 14 2016
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS JOSEPH CHYATTE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | Cause No. CV 16-01-M-DLC-JCL<br><br><br>ORDER and FINDINGS AND<br>RECOMMENDATION OF U.S.<br>MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Douglas Chyatte's application for writ of habeas corpus under 28 U.S.C. § 2254. Chyatte is a state prisoner proceeding pro se.

After reviewing the motion and supporting account statement, I find that Chyatte has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

Chyatte's petition challenges the validity of his conviction for assault with a weapon. On December 15, 2015, the Montana Supreme Court remanded Chyatte's petition for postconviction relief to the trial court for further proceedings. *See* Order at 10 ¶ 23, *Chyatte v. Kirkegard*, No. DA 15-0111 (Mont. Dec. 15, 2015), *available at* http://supremecourtdocket.mt.gov (accessed Mar. 11, 2016). The

1

records of the Fourth Judicial District Court indicate that Chyatte's postconviction action remains pending in the that court.

Before a state prisoner may proceed in federal court, he must first exhaust the remedies available to him in the state courts. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982) (stating that the exhaustion requirement "provides a simple and clear instruction to potential litigants: before you bring *any* claims to federal court, be sure that you first have taken *each one* to state court.") (emphases added). The reason for this requirement is, first, to give the state courts a full and fair opportunity to correct any errors of their own; and second, to avoid piecemeal litigation and parallel proceedings in state and in federal court. Further, because a state prisoner may generally file one, and only one, federal petition for writ of habeas corpus, *see* 28 U.S.C. § 2244(b), Chyatte must present in his *first* federal petition *all* claims he wants the Court to consider.

For these reasons, it is appropriate to dismiss Chyatte's federal petition without prejudice for failure to exhaust state remedies. While the Court has discretion to stay the petition, *see Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009), there is no good cause for a stay and no reason to fear that it will be "unlikely or impossible" for Chyatte to return to federal court at a later time to file a new federal petition. While there is a one-year limitations period for filing a federal petition, *see* 28 U.S.C. § 2244(d)(1),

2

Chyatte's state postconviction petition was filed with ample time remaining on his federal clock, and the federal clock is tolled while a properly filed petition or motion is pending in state court, *id.* § 2244(d)(2). Moreover, dismissal at this time for failure to exhaust will not make a new petition "second or successive." *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

Chyatte may simply file a new federal habeas petition, if necessary, after the conclusion of all postconviction proceedings in state court, including any further appeal. A certificate of appealability is not warranted because, regardless of the potential merit of Chyatte's claims, reasonable jurists would agree dismissal at this time is appropriate and will not prejudice Chyatte.

Based on the foregoing, the Court enters the following:

## ORDER

Chyatte's motion to proceed in forma pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1. Chyatte's petition (Docs. 1, 2) should be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

2. The Clerk of Court should be directed to enter by separate document a

judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Chyatte may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Chyatte must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 4th day of March, 2016.

Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

4